**Slip Op. 02-32**

# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: RICHARD W. GOLDBERG, SENIOR JUDGE

| | |
|---|---|
| ILVA LAMIERE E TUBI S.R.L. and ILVA S.P.A., <br><br>    Plaintiffs, <br><br>    v. <br><br> UNITED STATES and THE UNITED STATES DEPARTMENT OF COMMERCE, <br><br>    Defendants, <br><br>    and <br><br> BETHLEHEM STEEL CORPORATION and UNITED STATES STEEL CORPORATION, <br><br>    Defendant-Intervenors. | Court No. 00-03-00127 |

[Plaintiff's Motion for Judgment Upon an Agency Record granted in part and remanded.]

Dated:  March 29, 2002

Hunton & Williams (William Silverman and Richard P. Ferrin) for plaintiffs ILVA Lamiere e Tubi S.r.l. and ILVA S.p.A.

Stuart E. Schiffer, Acting Assistant Attorney General, David M. Cohen, Director, Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; Office of the Chief Counsel for Import Administration, United States Department of Commerce (John F. Koeppen), of counsel, for defendant.

Dewey Ballantine LLP (John A. Ragosta, John R. Magnus, and Hui Yu) for defendant-intervenors Bethlehem Steel Corporation and United States Steel Corporation.

Collier Shannon Scott, PLLC (Paul C. Rosenthal, Kathleen W. Cannon, Lynn D. Maloney, and Eric R. McClafferty) for amici curiae Allegheny Ludlum Corporation, AK Steel Corporation, J&L

Specialty Steel, Inc., Lukens, Inc., North American Stainless, Butler Armco Independent Union, Zanesville Armco Independent Union, and the United Steelworkers of America, AFL-CIO/CLC.

## MEMORANDUM OPINION AND ORDER

GOLDBERG, Senior Judge:  At issue in this case is the method employed by the U.S. Department of Commerce (the "Department") to calculate subsidies in countervailing duty investigations of newly privatized companies.  This case is before the Court pursuant to Plaintiffs' USCIT R. 56.2 Motion for Judgment Upon an Agency Record.  Plaintiffs challenge the Department's Final Results of Redetermination Pursuant to Court Remand: ILVA Lamiere e Tubi S.p.A. v. United States, Court No. 00-03-00127 (December 28, 2000) ("Redetermination"), which modified the Department's decision in Final Affirmative Countervailing Duty Determination: Certain Cut-to-Length Carbon-Quality Steel Plate From Italy, 64 Fed. Reg. 73,244 (Dec. 29, 1999) ("Determination"), and Notice of Countervailing Duty Orders: Certain Cut-to-Length Carbon-Quality Steel Plate From France, India, Indonesia, Italy and the Republic of Korea, 65 Fed. Reg. 6587 (February 10, 2000).[1]  This Court issued a remand order on August 30, 2000, instructing the Department to determine the applicability of the Federal Circuit's opinion in Delverde SrL v. United States, 202 F.3d 1360

---

[1]  Plaintiffs also challenge the Department's decision to impose countervailing duties on pre-privatization early retirement benefits under Law 451/94.  This Court will not address that issue until the Department redetermines the issue of privatization in this remand order.

(Fed. Cir. 2000), reh'g denied, Ct. No. 99-1186 (June 20, 2000) ("Delverde III"), to the Determination.  Two recent Court of International Trade opinions are directly on point, Allegheny Ludlum Corp. v. United States, 26 CIT __, 182 F. Supp. 2d 1357 (2002) ("Allegheny"), and GTS Industries S.A. v. United States, 26 CIT __, 182 F. Supp. 2d 1369 (2002) ("GTS").  This Court finds the reasoning of Allegheny and GTS persuasive, and therefore remands the Redetermination to the Department for redetermination consistent with this Opinion.  This Court exercises jurisdiction pursuant to 28 U.S.C. § 1581(c) (1994).

## I.  Standard of Review

This Court reviews the Redetermination to determine if it is supported by substantial evidence on the record or otherwise in accordance with law.  See 19 U.S.C. § 1516a(b)(1)(B) (1994).  To determine if the Department's interpretation of the statute is in accordance with law this Court "must determine whether Congress's purpose and intent on the question at issue is judicially ascertainable."  Timex V.I. v. United States, 157 F.3d 879, 881 (Fed. Cir. 1998).  The expressed will or intent of Congress on a specific issue is dispositive.  See Japan Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 233-237 (1986).

## II.  Summary of the Facts

Since this Court is only considering whether the Department erred as a matter of law in its Redetermination, this Court will

only briefly recount the relevant facts as stated in the Redetermination. According to the Department, ILVA S.p.A. ("ILVA"), an Italian steel manufacturer, was privatized in 1995 through a sale of shares to a consortium. Redetermination at 15. The Department concluded that pre-sale ILVA was subsidized by the Italian government through debt forgiveness, equity infusions, and corporate restructuring from 1984 to 1994, except in 1987. Defendant's Memorandum in Opposition to Plaintiff's Motion for Judgment Upon the Agency Record at 10. The pre-sale and post-sale ILVA's were both engaged in carbon steel plate operations. Redetermination at 17. The Department concluded that the pre-sale and post-sale ILVA's were the same "person," and thus the post-sale ILVA received a financial contribution and benefit from subsidies given to pre-sale ILVA.

### III. Discussion

Under 19 U.S.C. § 1677(5) of the Tariff Act, a subsidy occurs where an authority "provides a financial contribution . . . to a person and a benefit is thereby conferred," either directly or indirectly. 19 U.S.C. § 1677(5) (1994). Section 1677(5)(F) is the specific provision addressing subsidies when a change in ownership has occurred:

> A change in ownership of all or part of a foreign
> enterprise or the productive assets of a foreign
> enterprise does not by itself require a determination
> by an administering authority that a past
> countervailable subsidy received by the enterprise no
> longer continues to be countervailable, even if the

> change of ownership is accomplished through an arm's length transaction.

19 U.S.C. § 1677(5)(F).  The Federal Circuit in <u>Delverde III</u> determined that Congress's intent under these portions of the Tariff Act was for the Department to "examin[e] the particular facts and circumstances of the sale and determin[e] whether [the purchaser] directly or indirectly received both a financial contribution and benefit from the government."  202 F.3d at 1364. Therefore, under <u>Delverde III</u>, the statute's meaning is clear and "[w]e need only determine whether Commerce's methodology is in accordance with the statute."  <u>Id.</u> at 1367.

In light of <u>Delverde III</u>, the Department's <u>Redetermination</u> established a two-part test to determine if the post-sale firm received a financial contribution and benefit from the subsidy given to the pre-sale firm.  The first part of the test determines whether the pre-sale firm is the same <u>person</u> as the post-sale firm.  <u>See</u> <u>Redetermination</u> at 6-7.  If they are the same person, then the post-sale firm received a financial contribution and benefit from the subsidy given the pre-sale firm, and the subsidies are countervailable.  <u>See</u> <u>id.</u>  If they are not the same person, then the second part of the test looks at the facts and circumstances of the sale to determine whether the post-sale firm received a financial contribution and benefit from the subsidy granted to the pre-sale firm.  <u>See</u> <u>id.</u>

As in <u>Allegheny</u> and <u>GTS</u>, this Court finds that the methodology of the Department's two-part test is inconsistent with the intent of Congress under the Tariff Act.  <u>See</u> 182 F. Supp. 2d 1357; 182 F. Supp. 2d 1369.  Instead of examining the facts and circumstances of the sale, the Department ignores the sale entirely and conducts a novel analysis of the "person" before and after the sale.  <u>See</u> <u>Redetermination</u> at 13; <u>see</u> <u>also</u> <u>Allegheny</u>, 182 F. Supp. 2d at 1365-66; <u>GTS</u>, 182 F. Supp. 2d at 1377-78.  The Department summarily concludes that if the "original subsidy recipient and the current producer/exporter are considered to be the same <u>person</u>, that <u>person</u> benefits from the original subsidies, and its exports are subject to countervailing duties to offset those subsidies."  <u>Redetermination</u> at 7 (emphasis added).

The Department's "person" test fails to take into account the facts and circumstances of the sale:

> [T]he Department will generally consider the post-sale entity to be the same person as the pre-sale entity if, based on the totality of the factors considered, we determine that the entity sold in the change-in-ownership transaction can be considered a continuous business entity because it was operated in substantially the same manner before and after the change in ownership.

<u>Redetermination</u> at 12-13.  Under the Department's "person" analysis, it is likely that nearly every sale would result in the same post-sale person as the pre-sale person.  <u>See</u> <u>Allegheny</u>, 182 F. Supp. 2d at 1367; <u>GTS</u>, 182 F. Supp. 2d at 1379; <u>Acciai</u>

Speciali Terni S.p.A. v. United States, 26 CIT __, 2002 WL 342659, Slip-Op. 02-10 at N.10 (February 1, 2002). Thus, the Department continues to use what is essentially the *per se* test that a change in ownership never extinguishes prior subsidies, which was prohibited in Delverde III, and avoids the Court's mandate to consider the facts and circumstances of the sale. See Allegheny, 182 F. Supp. 2d at 1367; GTS, 182 F. Supp. 2d at 1379.

On remand, the Department's methodology shall "examin[e] the particular facts and circumstances of the sale and determin[e] whether [plaintiffs] directly or indirectly received both a financial contribution and benefit from the government." Delverde III, 202 F.3d at 1364. This means that Commerce "must look at the facts and circumstances of the TRANSACTION, to determine if the PURCHASER received a subsidy, directly or indirectly, for which it did not PAY ADEQUATE COMPENSATION." Allegheny, 182 F. Supp. 2d at 1367 (capitals in original); GTS, 182 F. Supp. 2d at 1378.

### IV.  Conclusion

Therefore, the Court finds that the <u>Final Results of Redetermination Pursuant to Court Remand: ILVA Lamiere e Tubi S.p.A. v. United States</u>, Court No. 00-03-00127 (December 28, 2000), are not in accordance with law, and remands to the Department of Commerce for review and action consistent with this opinion.

**SO ORDERED.**

 

 

 

_____

**Senior Judge Richard W. Goldberg**

**Date: March 29, 2002**
      **New York, New York**